[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12956
Non-Argument Calendar

_____

D. C. Docket No. 03-00041-CR-1-MP-AK-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELINDA LAWANNA BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 16, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Melinda Lawanna Bryant appeals the district court's denial of her 18 U.S.C.

§ 3582(c)(2) motion for a reduced sentence. The motion was based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. Bryant had received a 60-month, below-guidelines sentence for conspiring to possess and distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); 846. The district court denied her motion on the ground that her original sentence remained lower than her recalculated guidelines range and no further reduction was justified. Bryant argues that the district court did not adequately consider the 18 U.S.C. § 3553(a) factors as required by § 3582(c)(2).

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003) (citing United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998)).

Amendment 706, which reduced the § 2D1.1(c) offense levels in crack cocaine cases by two levels, was made retroactive by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to a

retroactive amendment, the district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Thus, when the district court reconsiders a sentence on a § 3582(c)(2) motion, it must first recalculate the sentence under the amended guidelines, then "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)." United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005) (per

3

curiam) (citing 18 U.S.C. § 3553(a)). Section 3553(a) specifies that the sentence must be no greater than necessary to punish, deter, protect the public, and provide necessary care and rehabilitation.

The district court need not "articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). Where the record indicates that the district court adequately considered the § 3553(a) factors at the original sentencing hearing, we have held that the court did not abuse its discretion when it simply incorporated those earlier considerations into its § 3582(c)(2) order by reference. See, e.g., Vautier, 144 F.3d at 759, 762.

The district court here stated that it considers the § 3553 factors and the totality of the circumstances in deciding whether to sentence a defendant below the guidelines range, and that in such cases, a guidelines amendment is unlikely to affect its determination of an appropriate sentence. The court went on to note that Bryant's sentence was lower than both her original and recalculated ranges, and that it found that no further reduction was justified. Furthermore, the transcript of the original sentencing hearing indicates that the district court extensively discussed Bryant's violent background and "anger problem," which are "history

4

and characteristics of the defendant" appropriately considered under § 3553(a). On the whole, the record indicates that the § 3553(a) factors were adequately taken into account. The district court did not abuse its discretion in denying Bryant's motion.

**AFFIRMED.**